**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Gregory Lamont RANDALL,**
**Defendant-Appellant.**

**No. 16-11753**
**Non-Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 12/07/2016

Roberta Josephina Bodnar, U.S. Attorney's Office, Orlando, FL, Arthur Lee Bentley, III, Walter Eugene Furr, III, U.S. Attorney's Office, Tampa, FL, for Plaintiff-Appellee

Aliza Bloom, Federal Public Defender's Office, Tampa, FL, Rosemary Cakmis, Donna Lee Elm, Federal Public Defender's Office, Orlando, FL, for Defendant-Appellant

Before JULIE CARNES, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Gregory Randall appeals his 60-month imprisonment sentence, imposed upon revocation of supervised release. On appeal, Randall argues, and the government concedes, that the district court erred because it imposed a sentence that was above the statutory maximum. Randall was originally convicted of being a felon in possession of a firearm, and he received an enhanced sentence under the Armed Career Criminal Act ("ACCA"). However, he filed a habeas corpus petition that successfully challenged his ACCA enhancement, which resulted in his re-sentencing and changed his underlying conviction from a Class A felony to a Class C felony. Therefore, the district court was limited to a maximum revocation sentence of two years' imprisonment. He argues on appeal that the U.S. Probation Office, and by extension, the district court, mistakenly relied on the pre-sentence investigation report from his original sentencing, which showed that his offense was a Class A felony, to state that the statutory maximum upon revocation was five years.

We review for plain error an argument that is raised for the first time on appeal. *United States v. Pantle*, 637 F.3d 1172, 1174 (11th Cir. 2011). Under plain error review, we may correct an error where: (1) an error occurred; (2) the error was plain; (3) the error affects substantial rights; and (4) the error seriously affected the fairness of the judicial proceedings. *United States*

*v. Gresham,* 325 F.3d 1262, 1265 (11th Cir. 2003).

An individual who is convicted of being a felon in possession of a firearm, and who is not subject to an ACCA-enhanced sentence, is subject to a maximum penalty of 10 years' imprisonment. *See* 18 U.S.C. § 924(a)(2), (e)(1); *see also* 18 U.S.C. § 922(g)(1). A crime punishable by up to 10 years' imprisonment is a Class C felony. 18 U.S.C. § 3559(a)(3).

The permissible terms of imprisonment following a revocation of supervised release are set out in 18 U.S.C. § 3583(e). *See* 18 U.S.C. § 3583(e). Under § 3583(e), the district court may revoke a term of supervised release and require that the defendant serve in prison all or part of the term of supervised release if the district court finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that:

> a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case.

*Id.* § 3853(e)(3). A sentence that exceeds the statutory maximum is plain error. *United States v. Eldick,* 393 F.3d 1354, 1354 n.1 (11th Cir. 2004).

The district court plainly erred when it sentenced Randall to a 60-month imprisonment term for violating the conditions of his supervised release. Randall's underlying offense, after re-sentencing, was a Class C felony. 18 U.S.C. § 3559(a)(3); 18 U.S.C. § 922(g)(1). Therefore, the maximum imprisonment term the district court was authorized to impose for Randall's supervised release violation was two years.

18 U.S.C. § 3583(e)(3). Moreover, because the court imposed an illegal imprisonment term, the district court's plain error seriously affected Randall's substantial rights and the fairness of his sentencing proceedings. *See Gresham,* 325 F.3d at 1265. Accordingly, we vacate Randall's sentence and remand for resentencing.

**VACATED AND REMANDED.**